Argued October 10, affirmed October 23, 1975

STATE OF OREGON, *Respondent, v.*
JIM KORELIS, *Petitioner.*

541 P2d 468

*J. Bradford Shiley,* Portland, argued the cause and filed briefs for petitioners.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, TONGUE, HOWELL and BRYSON, Justices.

HOWELL, J.

The defendant was convicted of one count of theft in the first degree and a second count of attempted theft in the first degree. The Court of Appeals affirmed both convictions, 21 Or App 813, 537 P2d 136 (1975). We granted defendant's petition for review solely to consider the culpable mental state required in order to convict one of theft by receiving under ORS 164.095.

In a previous decision, *State v. Thomas,* 13 Or App 164, 509 P2d 446 (1973), the Court of Appeals considered an instruction by the trial court to the effect that one committed theft by receiving if he knew or *had good reason to know* that the property was stolen at the time he received it. In that case the Court of Appeals concluded that the use of the phrase "good reason to know" was improper for it would apply a "reasonable man" standard. That court held that the jury should have been instructed that the culpable mental state required was either actual knowledge or belief that the property was stolen.

In the instant case the opinion of the Court of Appeals correctly stated the law as decided in *Thomas* but then added the following statement:

"In the absence of direct evidence, a jury may draw a reasonable inference that a defendant *had reason to know* of the stolen status of property from the facts and circumstances of the case. * * *" (Emphasis added.) *State v. Korelis,* supra at 2380.

Language quite similar to this was rejected by the Court of Appeals in *Thomas* on the basis that it would allow the jury to apply an objective or reasonable man standard of criminal culpability.

We granted review because the opinion of the Court of Appeals in *Korelis* could be confusing to trial judges and counsel in criminal cases for it appears to approve both the "reasonable man" rule and the rule requiring actual knowledge or belief.

■■ We approve the decision in *State v. Thomas,* supra. A finding of either actual knowledge or a belief by the defendant that the property was stolen is essential to a conviction for theft by receiving. In the absence of direct evidence, the jury may draw reasonable inferences from the facts and circumstances of the case that the defendant either knew or believed that the property was stolen. *State v. Thomas,* supra at 171-72.

However, since the trial court's instruction in this case was based on *Thomas,* the jury was properly instructed as to the required mental state. Correspondingly, the judgment of conviction must be affirmed.

Affirmed.