Argued and submitted April 30, reversed and remanded in part; otherwise
affirmed June 26, 2003

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT JOE GONZALEZ,
aka Bobby Joe Gonzalez,
*Appellant.*

### CF010351; A115416

71 P3d 573

Shawn Wiley, Deputy Public Defender, argued the cause
for appellant. With him on the brief was David E. Groom,
Acting Executive Director, Office of Public Defense Services.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

**PER CURIAM**

■     After a trial to the court, defendant was convicted of supplying contraband. ORS 162.185. Defendant appeals, arguing that the trial court erred by concluding that he voluntarily introduced contraband into the Umatilla County Jail when, while in possession of methamphetamine, police took him there after arresting him. Defendant is correct that his mere possession of drugs when he was taken by police to a correctional facility is not legally sufficient to prove that he voluntarily introduced contraband into that facility. *See State v. Tippetts*, 180 Or App 350, 43 P3d 455 (2002). That is so even if, as the state argues, defendant's arrest and the discovery of the drugs were "readily foreseeable consequences" of his prearrest conduct. *State v. Delaney*, 187 Or App 717, 718, 71 P3d 93 (2003).

■     The only remaining question is the proper disposition. Defendant did not move for a judgment of acquittal. Rather, at the end of the state's case, in his closing argument to the court, defendant argued that the state had not adduced legally sufficient evidence of a voluntary act, which is required to establish criminal culpability. *See* ORS 161.095(1). That argument is the equivalent of a motion for judgment of acquittal. *See State v. Hamilton*, 186 Or App 729, 731 n 2, 64 P3d 1215 (2003).[1] Accordingly, we reverse defendant's conviction for supplying contraband and remand for resentencing.

Judgment on Count 2 reversed and remanded for resentencing; otherwise affirmed.

---

[1] *But see State v. Schodrow*, 187 Or App 224, 231-32, 66 P3d 547 (2003) (reversing and remanding for new trial where trial court did not decide material element and there was proof sufficient to withstand a motion for judgment of acquittal); *State v. Andrews*, 174 Or App 354, 366, 27 P3d 137 (2001) (same).