Argued and submitted July 6, affirmed September 27, 2006

STATE OF OREGON,
*Respondent,*

*v.*

MARCO A. MOJARRO-SANDOVAL,
*Appellant.*

031683MI; A124439

144 P3d 996

Garrett A. Richardson argued the cause and filed the brief for appellant.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega,* Judges.

LANDAU, P. J.

---

* Ortega, J., *vice* Richardson, S. J.

### LANDAU, P. J.

Defendant appeals a judgment of conviction for two counts of reckless endangerment, ORS 163.195, and one count of driving under the influence of intoxicants, ORS 813.010. His sole assignment of error is that the trial court should have granted his motion for judgment of acquittal on the reckless endangerment charges. We affirm.

Because the state prevailed at trial, we state the facts in the light most favorable to the state and review those facts to determine whether a rational trier of fact could have found each of the elements of the offense beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

Oregon State Trooper Neville observed defendant driving a pickup truck at night with one of the taillights "smashed out." Neville immediately pulled in behind defendant and stopped him. He did not notice whether defendant had been driving poorly.

As Neville approached, he immediately noticed the odor of alcohol coming from inside the vehicle. When he looked at defendant, Neville observed that defendant's eyes were bloodshot, glassy, and "droopy." Neville said that defendant's movements were "slower than normal" and that "his fingers just didn't seem quite to work as a normal person's fingers would." Neville also observed that two young male passengers were inside the truck.

Neville asked defendant whether he would submit to field sobriety tests, and defendant agreed. He could not perform any of the tests satisfactorily, however. Neville advised defendant of his *Miranda* rights and then questioned him about how much he had been drinking. Defendant replied that he had consumed three beers. Neville found an empty case of beer in the back of the truck. Defendant admitted to Neville that it was not a good idea to be driving that night. Defendant ultimately was charged with, among other things, two counts of reckless endangerment, one count for each of the two young passengers that were in the truck at the time of his arrest.

■    At trial, Neville testified that defendant was too impaired to drive a vehicle at all, much less with two young passengers:

> "Certainly, any time that there is a driver out there that is impaired and driving down the road, they're a danger to those that are around them, because there's other drivers on the road. But when they take people into their own vehicle, it then becomes basically a reckless decision that they've made. Not only are they impaired, endangering other drivers on the road, but they're also taking those people's safety that are in the car with them and putting their safety at risk when they're under the influence and when they're impaired. And we see that, you know, many times in crashes where passengers are injured and things like that. It's a safety risk to invite someone or to let someone in your car with you when you're under the influence."

Defendant moved for a judgment of acquittal on the reckless endangerment charges on the ground that the state had failed to establish that he had engaged in conduct that created a substantial risk of serious physical injury to either of his passengers. According to defendant, the state neglected to establish that anything about defendant's actual driving behavior created a risk to the passengers. The state responded that the fact that defendant was driving while intoxicated with two young passengers in the truck is, itself, evidence that he created a substantial risk of injury to the passengers. The trial court agreed and denied defendant's motion.

On appeal, defendant renews his argument that the state failed to establish that he had created a substantial risk of serious physical injury to either passenger. Defendant argues that the fact of his driving while intoxicated cannot suffice and that "[i]t is obvious * * * that the degree of risk of serious physical injury to the passengers is dependent on the circumstances of vehicle operation rather than the intoxication of the driver." In this case, defendant argues, there is a complete absence of evidence about the circumstances of defendant's operation of the vehicle. The state argues that driving while impaired by alcohol, with others in the vehicle, itself creates a substantial risk of serious physical harm to those persons.

ORS 163.195(1) provides that a person commits the crime of recklessly endangering another person if "the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." The question in this case is what the statute means when it refers to creating a "substantial risk" of harm to another. That is a question of statutory construction, to which the principles articulated in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), apply. We therefore examine the text of the statute in context and, if necessary, the legislative history and other aids to construction to determine the meaning that the legislature most likely intended. *Id.* Also relevant to our analysis of the statute are any prior cases in which the courts have construed its wording. *Waite v. Dempsey*, 203 Or App 136, 141, 125 P3d 788 (2005).

The statute refers to the creation of a "substantial risk" of injury. Thus, it is clear that the legislature did not intend to limit the statute to cases in which another person is actually injured. The word "risk" ordinarily refers to "the possibility of loss, injury, disadvantage, or destruction" or "something that creates or suggests a hazard or adverse chance: a dangerous element or factor." *Webster's Third New Int'l Dictionary* 1961 (unabridged ed 2002).

Consistently with that ordinary meaning of the term "risk," in *State v. Harbert*, 155 Or App 137, 963 P2d 710, *rev den*, 327 Or 554 (1998), we concluded that the defendant committed the offense of reckless endangerment when he fired a handgun through the ceiling and out the front door of his home. The defendant had argued that, without evidence that any individuals actually were in the range of the shots fired, the state had failed to prove the required element of risk of injury. We disagreed. Relying on the ordinary meaning of the statutory wording and its legislative history, we held that the statute was intended to cover " 'potential risks as well as cases where a specific person is within the zone of danger.' " *Id.* at 141 (quoting Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 96, 97 (July 1970)). "Thus," we concluded, "the statute prohibits conduct that is likely to expose another person to harm; it is not limited to conduct that actually exposes another person to harm." *Id.* at 141.

With the foregoing in mind, we turn to the facts of this case. Defendant argues that, to establish the requisite "substantial risk" of harm, the state must demonstrate that defendant's driving was so reckless as to actually expose his two passengers to harm. As our decision in *Harbert* makes clear, that is incorrect.

Moreover, there is evidence that defendant's conduct did expose his passengers to a substantial risk of harm. Defendant was driving under the influence. As Neville testified, defendant was too impaired to drive at all, much less to drive with passengers. Defendant may be correct that evidence that his impaired state actually resulted in erratic driving would be even more persuasive. But, even in the absence of evidence of such impaired driving, the fact remains no less established that his passengers were at *risk* of harm as a result of his intoxication. *Cf. In re McDonough,* 336 Or 36, 42, 77 P3d 306 (2003) ("[E]very time that [the accused attorney] chose to drive while intoxicated, the accused risked serious bodily injury to others[.]").

We conclude that, on the facts adduced at trial, a reasonable jury could find that the state had established the requisite substantial risk of harm beyond a reasonable doubt and that, as a result, the trial court did not err in denying defendant's motion for a judgment of acquittal.

Affirmed.