Argued and submitted February 8, affirmed March 19, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARRIE ANNE SMITH,
*Defendant-Appellant.*

Multnomah County Circuit Court
050533139; A130748

180 P3d 148

Patrick M. Ebbett argued the cause for appellant. With him on the brief was Chilton, Ebbett & Rohr, LLC.

Michael R. Washington, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for reckless driving, ORS 811.140, and driving while suspended, ORS 811.182.[1] Her sole assignment of error is that the trial court should have granted her motion for a judgment of acquittal on the reckless driving charge. According to defendant, the state failed to present sufficient evidence to show that the manner in which she was driving endangered the safety of persons or property. We conclude that the evidence was legally sufficient and affirm.

The relevant facts are not in dispute. Police received a report of a stalled car on the Alberta Street on-ramp to Interstate 5 North in Portland, during rush-hour traffic. When Officer Dalberg arrived at the scene, he found defendant's car parked to the side of the on-ramp, partially obstructing traffic, with defendant standing outside of the car carrying a small dog and impeding traffic. Dalberg approached defendant, and she returned to the car and sat down in the driver's seat. As she sat down, Dalberg noticed that defendant appeared very intoxicated and that she slumped into her seat. He smelled alcohol and noticed inside the car a box of wine.

Dalberg asked defendant whether she had been drinking. She responded to the question in a semi-coherent fashion, admitting that she had been drinking "a lot" and that she had drunk "20" that day. When Dalberg asked defendant for her address, she replied that the address was "775500" and that her home was located on the on-ramp. Dalberg called a traffic officer to conduct an investigation for driving under the influence of intoxicants (DUII).

Officer Ladd arrived at the scene shortly after that to evaluate defendant for DUII. He saw defendant in the driver's seat, asleep. He also saw a can of beer that was one-third full sitting on the console. When Ladd attempted verbally to wake her, she did not respond. When he shook her

---

[1] Defendant was also charged with driving under the influence of intoxicants (DUII). ORS 813.010. Because she waived her right to a jury trial on the reckless driving and driving while suspended charges, only the DUII charge was submitted to a jury. The jury acquitted her on that charge.

headrest, she did respond, although she was disoriented. Ladd asked defendant how she got onto the on-ramp, and she replied that she had driven there on the way home. Ladd decided not to ask defendant to take any field sobriety tests, because she could barely sit or stand on her own without swaying or falling over. He arrested her for DUII and transported her to the station to continue the investigation.

At the station, defendant told Ladd that she no longer felt the effects of the alcohol that she had consumed, but that she should not have been driving the car. She agreed to take a breath test, the result of which was a .36 percent blood alcohol content (BAC).

At trial, defendant moved for a judgment of acquittal on the reckless driving charge, arguing that the state had failed to prove that her driving endangered any person or property. The trial court denied the motion and ultimately found defendant guilty.

■     On appeal, defendant argues that the trial court should have granted her motion for a judgment of acquittal. She argues that one of the elements of the offense of reckless driving is that she must have driven "in a manner that endangers the safety of persons or property." ORS 811.140(1). In this case, she contends, the state offered no such proof, relying instead on the mere fact that she was intoxicated. According to defendant, proof that she was intoxicated simply is not sufficient by itself to establish anything about the manner in which she actually was driving at the time. The state argues that the evidence was sufficient.

■     We agree with the state. On review of a denial of a motion for a judgment of acquittal, we review the record and all reasonable inferences from it in the light most favorable to the state to determine whether a rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). A person commits the offense of reckless driving if "the person recklessly drives a vehicle upon a highway or other premises described in this section in a manner that endangers the safety of persons or property." ORS 811.140(1). The question in this case, therefore, is whether the state offered sufficient evidence to permit

a rational trier of fact to find beyond a reasonable doubt that defendant drove "in a manner that endangers the safety of persons or property."

Direct evidence is not necessary to support such a finding; the state may rely on circumstantial evidence and reasonable inferences flowing from that evidence. *Delgado v. Souders*, 334 Or 122, 135, 46 P3d 729 (2002). An inferred fact, however, must be one that a rational factfinder may be convinced follows beyond a reasonable doubt from the underlying facts. *State v. Bivins*, 191 Or App 460, 466, 83 P3d 379 (2004).

For example, we have held that, to establish that a defendant has committed the crime of recklessly endangering another person—which requires proof of a "substantial risk of serious physical injury to another person," ORS 163.195(1)—it is not necessary to prove that the defendant actually drove erratically. In *State v. Mojarro-Sandoval*, 208 Or App 178, 180, 144 P3d 996, *rev den*, 342 Or 117 (2006), the defendant was convicted of recklessly endangering another person based on evidence that he had been driving while very intoxicated with two young passengers in his truck. He argued that the trial court should have granted his motion for a judgment of acquittal because the state failed to offer direct proof of his driving behavior. *Id.* at 181. We rejected the argument, holding that whether the defendant had created a substantial risk of injury could be established by circumstantial evidence and inferences drawn from such evidence, including the extent to which the defendant was intoxicated. *Id.* at 183.

With the foregoing principles in mind, we return to the evidence in this case. Defendant was found by the police in a condition that can charitably be described as extremely intoxicated; her BAC was four and one-half times the legal limit. She could hardly stand or even sit without falling over. She had parked her vehicle partially in the way of traffic, then left the vehicle and actually walked into traffic. Defendant admitted that she had been driving in rush-hour traffic in that condition and that she should not have done so. Under the circumstances, we conclude that a rational factfinder

could infer beyond a reasonable doubt that defendant's driving endangered the safety of persons or property. Accordingly, the trial court did not err in denying defendant's motion for a judgment of acquittal.

Affirmed.