STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CLIFTON BISHOP SATTERFIELD,
*Defendant-Appellant.*

Marion County Circuit Court
13C41304; A156211

362 P3d 728

Andrew D. Robinson, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Dustin E. Buehler, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Peenesh H. Shah, Assistant Attorney General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

**NAKAMOTO, J.**

After a bench trial, defendant appeals his conviction for theft in the first degree by receiving (Count 1). He contends that the trial court erred in convicting him by finding that he "had good reason to know" that the property—a firearm—was stolen, a mental state that defendant argues was improperly applied in light of *State v. Korelis*, 273 Or 427, 541 P2d 468 (1975). He contends further that, because the trial court expressly found that he did not know the firearm was stolen, the correct *mens rea*, he is entitled to an outright reversal. The state principally responds by asserting that defendant failed to preserve that argument. We conclude that defendant adequately preserved his argument on appeal and that the trial court considered an incorrect mental state as an element of the crime when it convicted defendant. Accordingly, we reverse as to Count 1 and, as further explained below, remand for a new trial and for resentencing; we otherwise affirm.

The relevant facts are entirely procedural. The state charged defendant with two counts: (1) first-degree theft by receiving, ORS 164.015 (theft), ORS 164.055 (theft in the first degree), ORS 164.095 (theft by receiving), and (2) unlawful possession of a short-barreled rifle, ORS 166.272.[1] "A person commits theft by receiving if the person receives, retains, conceals or disposes of property of another knowing or having good reason to know that the property was the subject of theft." ORS 164.095(1).

In the indictment, the state accused defendant of "unlawfully and *knowingly* commit[ting] theft of * * * a firearm." (Emphasis added.) The state's requested jury instruction setting forth the elements of the crime stated, in relevant part, that, "to establish the crime of theft in the first degree by receiving, the state must prove beyond a reasonable doubt * * * [that] [defendant] *knew or believed* the property was the subject of theft." (Emphasis added.)

Defendant opted for a trial to the court, at which the court heard testimony from various witnesses, including

---

[1] Defendant pleaded guilty to the second count, which is not under review on appeal.

defendant. Defendant testified that he did not know that the rifle was stolen when he bought it for $125 and a promise to give the seller some methamphetamine, although he admitted to a police detective that such rifles can cost more than $1,000 and that "he knew something wasn't right with the rifle." Defendant explained that the seller told him that the rifle had belonged to the seller's grandfather. Although a state witness testified that defendant later received a call from an informant, who told him that the firearm was the subject of an unreported theft, defendant testified that he did not find the caller credible. Defendant further testified that he did not believe that the rifle was stolen until he learned from the police that it had been stolen.

At trial, defense counsel repeatedly argued to the court that the state had not met its burden to prove that defendant "knew or believed" that the firearm was stolen. For instance, in closing argument, defense counsel stated that "[t]he State has not proven beyond a reasonable doubt that [defendant] knew or believed that the property was stolen." Defense counsel concluded by urging that, "because the State has not proven beyond a reasonable doubt that he knew before [the police told him] that [the firearm] was stolen, * * * [the court] should find him not guilty of this offense." Although at one point in closing argument, the prosecutor referenced the "reason to know" phrase in ORS 164.095(1), at no point did defense counsel do so. Rather, defense counsel's arguments focused solely on either defendant's knowledge or belief.

The trial court ultimately found defendant guilty. The court explained that it could not find defendant guilty on the basis of knowledge, but it found defendant guilty because defendant "had good reason to know" that the firearm was stolen. Thus, the trial court's ruling tracked the wording of ORS 164.095(1).[2]

Specifically, in announcing its verdict, the trial court stated:

---

[2] ORS 164.095(1) provides: "A person commits theft by receiving if the person receives, retains, conceals or disposes of property of another knowing or having good reason to know that the property was the subject of theft."

"It is close but I cannot find that [defendant] knew in fact that the firearm was stolen at the time that he acquired it * * *. The question that I have to answer is whether, considering all of the facts, I'm convinced beyond a reasonable doubt that [defendant] *had good reason to know* that the property was the subject of a theft. I believe that that has been proven beyond a reasonable doubt. * * * [I]f, on review, it is determined that I have made an error in my factual determination of what [defendant] had good reason to know at the time he acquired the firearm * * *, I am also convinced beyond a reasonable doubt that at the time that he gets a call telling him that essentially this is the subject of an unreported theft of a soldier's firearm * * * that at that point in time that again he *has reason to know* that he is in possession of an item that is stolen. In other words, the definition of theft by receiving."

(Emphasis added.) The trial court thus found that, at two points, defendant had good reason to know that the firearm was stolen: when he received it and when he retained it after being told that it was stolen. The trial court subsequently entered a judgment of conviction for first-degree theft by receiving.

We begin with the issue of preservation, the state's principal argument. The state contends that defendant did not preserve his argument that ORS 164.095 required the state to prove that he actually knew that the firearm was stolen. Defendant contends that he preserved his argument because, during his closing argument, he relied on the correct rule—actual knowledge or belief. Defendant argues that, by drawing the court's attention to the correct rule, he preserved his argument. Given the circumstances in this case, we agree.

As a general rule, a party must first raise an issue in the trial court before challenging the trial court's ruling concerning the issue on appeal. *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000); *see* ORAP 5.45(1). Two major policies underlie the rule of preservation: judicial efficiency and fairness. *See Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008). The point, as the Supreme Court has explained, is "whether a party provides sufficient information to enable opposing parties to meet an objection and the trial court to

avoid error." *State v. Walker*, 350 Or 540, 550, 258 P3d 1228 (2011). "Particularly in criminal cases, in which there is a premium on considerations of cost and speed, the realities of trial practice may be such that fairly abbreviated short-hand references suffice to put all on notice about the nature of a party's arguments." *Id.* In this case, defendant's argument below sufficiently served those policies.

Although defendant did not cite the relevant cases by name, defendant presented to the trial court the same issue he is now arguing to us. "[A]dducing particular authorities is not a prerequisite to preservation." *Id.* at 549. Defendant's counsel repeatedly articulated the applicable mental state required for conviction. During his opening argument, he stated that "we do not believe that the evidence will show or that the prosecution will prove beyond a reasonable doubt that he knew that [the firearm] was stolen so that he's not guilty of the Theft I [charge]." And, during closing argument, defendant's counsel asserted three times that "the State has not proven beyond a reasonable doubt that he knew or believed that [the firearm] was stolen." Defendant's argument was consistent with the state's jury instruction on the elements of the crime. Thus, although defendant did not identify the source of his position, the court was apprised of the requisite *mens rea* to convict defendant for first-degree theft by receiving.

Defendant's argument on appeal is unsurprising in light of his argument below that the court was required to make a finding that defendant knew or believed that the firearm was the subject of theft but could not do so given the evidence at trial. *See State v. Rumler*, 199 Or App 32, 41, 110 P3d 115 (2005) (noting that a preservation argument often evokes a question along the lines of whether the trial judge would be surprised or feel blindsided by an argument or the urged ruling on appeal). Not only did defendant articulate that point to the trial court numerous times, but so did the state in its own requested jury instruction. In addition, the indictment accused defendant of only knowingly committing the theft of the firearm. Defendant sufficiently preserved his argument on appeal under the circumstances by correctly articulating to the court what the state needed to prove for a conviction on the crime of first-degree theft by receiving.

We turn next to the merits. Defendant contends that the trial court erred in entering a conviction on the count of theft by receiving under ORS 164.095, because the trial court convicted him using a lesser culpable mental state than actual knowledge or belief, as required by *Korelis*. We agree with defendant that *Korelis* resolves the issue.

In *Korelis*, the Oregon Supreme Court granted review of *State v. Thomas*, 13 Or App 164, 509 P2d 446 (1973), "to consider the culpable mental state required in order to convict one of theft by receiving under ORS 164.095." *Korelis*, 273 Or at 428. The Supreme Court approved of our decision in *Thomas*, in which we held that, notwithstanding the text of ORS 164.095, "[a] finding of either actual knowledge or a belief by [a] defendant that the property was stolen is essential to a conviction for theft by receiving." *Korelis*, 273 Or at 429; *Thomas*, 13 Or App at 170-73. We explained, in the context of a jury trial, that giving a jury instruction that includes the phrase "having good reason to know" is erroneous because it suggests that a jury may consider whether a reasonable person would have believed that the property was stolen. *Id.* at 171-72. The same is true where the trier of fact is the court. *See, e.g., Babler Bros. v. Pac. Intermountain*, 244 Or 459, 467, 415 P2d 735 (1966) ("When the record discloses that the jury applied the wrong law to the problem, the verdict cannot stand. \* \* \* Where an error of law is shown to have influenced the court trying a case without a jury, reversal is equally necessary."); *State v. Clum*, 216 Or App 1, 7-9, 8 n 5, 171 P3d 980 (2007) (holding that whether the trial court in a bench trial applied a correct understanding of the elements legally required to convict was reviewable on appeal).

In this case, we are bound by *Korelis*. To be found guilty of theft by receiving, defendant must have known or believed that the rifle was stolen. The state does not dispute that the trial court convicted defendant based on the lesser mental state of "having good reason to know," as the court's explanation demonstrates. It is immaterial that the state adduced sufficient evidence that would have permitted a different factfinder to convict defendant using the correct elements of the crime. *Babler Bros.*, 244 Or at 467; *State v. Wilson*, 240 Or App 475, 483, 248 P3d 10 (2011) (reversing

where the trial court made a legal error in finding the defendant guilty, despite the fact that there was "sufficient evidence from which the trial court *could* have found" that the defendant was guilty) (emphasis in original). In sum, the trial court erred when it convicted defendant of first-degree theft by receiving, because the trial court's determination of guilt depended on an erroneous understanding of the applicable law.

We now turn to the remaining disputed question: the appropriate disposition. Defendant argues that, if we conclude that the court erred, then "the appropriate disposition is outright reversal" because "the court not only convicted defendant on a legally incorrect theory, but also rejected the legally correct one." According to defendant, the trial court explicitly and implicitly found that defendant did not possess the culpable mental state at the time he received the firearm or after he was informed of the firearm's stolen status. In the alternative, defendant argues that, if we conclude that there are any unresolved issues about whether defendant possessed the requisite culpable mental state, then we "should reverse defendant's conviction for first-degree theft and remand for a new trial."

As authority for a disposition of reversal, defendant cites *State v. Barboe*, 253 Or App 367, 290 P3d 833 (2012), *rev den*, 353 Or 714 (2013), and *State v. Gonzalez*, 188 Or App 430, 71 P3d 573 (2003). *Barboe* stands for the proposition that, if a trial court unambiguously and incorrectly resolved a critical issue, "we would be bound to reverse defendant's conviction outright." 253 Or App at 379. *Gonzalez* stands for a similar proposition; however, it also states that we will reverse and remand for a new trial instead "where [the] trial court did not decide [a] material element and there was proof sufficient to withstand a motion for judgment of acquittal." 188 Or App at 431, 431 n 1.

Given the trial court's explanation of its ruling, we conclude that the court did not decide the facts concerning defendant's culpable mental state entirely in his favor. The trial court only made an explicit finding that defendant did not know at the time that he acquired the firearm that it was stolen. The court did not make findings on factual issues in

dispute at trial pertaining to whether, at that point, defendant believed that it was stolen or whether he later knew or believed that the firearm was stolen when he received the call telling him that it was the subject of an unreported theft.[3] Defendant concedes that the state adduced proof sufficient to withstand a motion for a judgment of acquittal. Accordingly, this case is in a posture in which the trial court convicted defendant without deciding a material element for which there was proof sufficient to withstand a motion for judgment of acquittal. *See, e.g., Wilson,* 240 Or App at 489. Therefore, we reverse defendant's conviction and remand for a new trial on Count 1.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

---

[3] We recognize that the state's inclusion of a particular culpable mental state in the charging instrument may bind the state. *See State v. Lane,* 341 Or 433, 440, 144 P3d 927 (2006). However, the parties did not address whether the mental state alleged in the indictment bound the state in this case.