Submitted May 6, reversed June 22, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOUGLAS KEITH RIDDLE,
*Defendant-Appellant.*

Coos County Circuit Court
14CR1030; A158143

379 P3d 842

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan Yorke, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for first-degree theft, first-degree theft by receiving, and first-degree criminal mischief. He asserts that the trial court erred in denying his motion for judgment of acquittal on those charges. It is undisputed that the evidence presented at trial was that defendant and an acquaintance went onto the victim's land, loaded metal onto defendant's truck, and sold the metal for less than market value at a nearby scrap yard at which defendant was a repeat customer and that had his identification on file. Defendant explained to law enforcement and at trial that his acquaintance had said that the victim gave them permission to take the metal in question, and the victim confirmed that he had spoken to the acquaintance a day or two before the incident (though the victim stated he had not given permission to take the metal).

According to defendant, the trial court erred in denying his motion for judgment of acquittal because the state failed to introduce any evidence that he knew or had reason to believe that he was not entitled to take the metal items in question, as required to defeat his honest-claim-of-right defense. *See* ORS 164.035(1) (in a prosecution for theft, it is a defense that the defendant acted under an honest claim of right). Furthermore, he contends that the state failed to prove that he knew the items were stolen or knew that he did not have a right to damage the victim's property. *See State v. Satterfield*, 274 Or App 756, 761, 362 P3d 728 (2015) ("To be found guilty of theft by receiving, defendant must have known or believed that the [property] was stolen."); ORS 164.365(1) (a person commits the crime of first-degree criminal mischief if, "with intent to damage property, and having no right to do so nor reasonable ground to believe that the person has such right," the person damages or destroys property of another in an amount exceeding $1,000).

The state concedes the error. In light of the evidence presented at trial, the state agrees that nothing in the record "suggests that defendant knew or had reason to know that he did not have permission to take the items or

that the items were stolen." Furthermore, according to the state, in this case, "defendant's story was consistent, corroborated in some respects, and not inherently implausible, and his conduct following the incident did not suggest a guilty mind." Under the circumstances, the state concedes that the trial court erred in denying defendant's motion for judgment of acquittal. We agree, and accept the state's concession.

Reversed.