Argued and submitted December 22, 2020; conviction on Count 6 reversed, remanded for resentencing, otherwise affirmed July 8, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL CLAYTON MULL, JR.,
aka Daniel Clayton Mull,
*Defendant-Appellant.*

Klamath County Circuit Court
17CR38162; A171307

493 P3d 1109

Defendant challenges multiple convictions arising out of a single incident in which he fired multiple shots at his girlfriend's garage. In four assignments of error, defendant contends that the trial court erred when it (1) denied his motion for judgment of acquittal on Count 6, first-degree theft by receiving; (2) denied his motion to represent himself; (3) instructed the jury that it could convict with a nonunanimous verdict; and (4) received a nonunanimous verdict on Count 6. The state concedes that the trial court erred by failing to grant a judgment of acquittal on the first-degree theft by receiving charge and by accepting a nonunanimous verdict on that same charge, but otherwise argues that the trial court either did not err or that any error was harmless. *Held*: The trial court did not err in denying defendant's motion to represent himself because, on this record, defendant did not make a cognizable motion to do so. The Court of Appeals also accepted the state's concessions with respect to the motion for judgment of acquittal and the trial court's acceptance of a nonunanimous verdict, and further rejected defendant's nonunanimous jury instruction argument for the reasons provided in *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020).

Conviction on Count 6 reversed; remanded for resentencing; otherwise affirmed.

Marci Warner Adkisson, Judge.

Neil F. Byl, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

E. Nani Apo, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

Conviction on Count 6 reversed; remanded for resentencing; otherwise affirmed.

**POWERS, J.**

In this criminal case, defendant challenges his convictions of second-degree burglary, ORS 164.215, unlawful use of a weapon, ORS 166.220, felon in possession of a firearm, ORS 166.270, first-degree theft by receiving, ORS 164.055, tamping with physical evidence, ORS 162.295, and four counts of recklessly endangering another person, ORS 163.195, arising out of a single incident in which he fired multiple shots at his girlfriend's garage. In four assignments of error, defendant contends that the trial court erred when it (1) denied his motion for judgment of acquittal on Count 6, first-degree theft by receiving; (2) denied his motion to represent himself; (3) instructed the jury that it could convict with a nonunanimous verdict; and (4) received a nonunanimous verdict on Count 6. The state concedes that the trial court erred by failing to grant a judgment of acquittal on the first-degree theft by receiving charge and by accepting a nonunanimous verdict on that same charge, but otherwise argues that the trial court either did not err or that any error was harmless. We reverse on Count 6, remand for resentencing, and otherwise affirm.

First, we agree with defendant's argument and the state's concession that the trial court erred in denying the motion for judgment of acquittal on Count 6. In reviewing the denial of a motion for judgment of acquittal, we examine the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element[s] of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). To be found guilty of theft by receiving, the state must prove, among other elements, that the defendant must have known or believed that the property was stolen. *State v. Korelis*, 273 Or 427, 429, 541 P2d 468 (1975); *State v. Satterfield*, 274 Or App 756, 761, 362 P3d 728 (2015), *rev den*, 358 Or 794 (2016). To prove a defendant's knowledge or belief, the state may use circumstantial evidence and rely on reasonable inferences from that evidence. *See, e.g.*, *Delgado v. Souders*, 334 Or 122, 135, 46 P3d 729 (2002). The evidence will be insufficient, however, when

the conclusion requires too great an inferential leap such that the logic is too strained. *See, e.g.*, *State v. Korth*, 269 Or App 238, 243, 344 P3d 491 (2015).

In this case, the state presented evidence that in June 2017, defendant was on post-prison supervision when he fired multiple shots from a .45 caliber model 1911 pistol at the victim's garage and then immediately took the firearm to his cousin's house and asked his cousin to keep it. The state also presented evidence from the owner of the firearm that he (a) reported it stolen in March 2016; (b) did not know defendant or give defendant permission to take the firearm; and (c) thought his ex-partner took the firearm. Based on that evidence, the state argued at trial—and the trial court agreed—that a reasonable factfinder could conclude beyond a reasonable doubt that defendant knew or believed that the firearm was stolen because he was a felon who was prohibited from obtaining a firearm lawfully and therefore defendant knew that any firearm that he could obtain would have been, in fact, stolen. However, that evidence—even when considering all reasonable inferences—is insufficient, and the state's concession on appeal is well founded. *See State v. Bivins*, 191 Or App 460, 468, 83 P3d 379 (2004) (explaining that "evidence is insufficient if it requires the stacking of inferences to the point of speculation"). On this record, there is no relationship between defendant's status as a felon and any knowledge that the firearm was stolen. For example, despite defendant's status as a felon, someone who lawfully acquired a firearm could have given defendant the firearm. Accordingly, the trial court erred by denying defendant's motion, and we reverse defendant's conviction on Count 6.

Second, we summarily reject defendant's contention that the trial court erred in denying his motion to represent himself. As we view this record, defendant did not make a cognizable motion to represent himself. As the state was about to rest after presenting its case-in-chief, defendant and the trial court engaged in an extended colloquy about defendant's concern that his attorney was not presenting certain evidence. When the trial court inquired about those concerns, however, defendant said that he was "really satisfied" with his defense counsel's representation and even said, "I'm not deciding to represent myself." Although it is

not entirely clear from the record, defendant apparently wanted defense counsel to offer into evidence information related to four additional charges—which were severed and tried separately based on defendant's pretrial motion— that arose out of conduct that occurred before the garage- shooting incident.

After a series of discussions and recesses, and after the trial court denied defendant's motion for judgment of acquittal, defense counsel rested. The trial court and defen- dant again engaged in a colloquy about defendant's concern over evidence that defendant believed should have been pre- sented to the jury and whether defendant was going to tes- tify in his own defense. The trial court explained:

> "You have indicated time and time again that you want [defense counsel] to represent you in this matter, that you do not wish to represent yourself, so that tells me that you know that being represented by a lawyer is important in the rest of the case. So the only thing, as I said before, is we need to know whether you're going to testify or not and by saying 'I don't know' that tells me that you're not going to testify."

Defendant eventually responded, "I would like to proceed with trial without a mistrial and I would like [defense coun- sel] to represent me, but I would like for the Court to stop protecting the State's witness." Given this record, we con- clude that defendant did not make an unequivocal request to represent himself.

Third, defendant makes two separate arguments predicated on *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), which held that nonunani- mous jury verdicts for offenses violate the Sixth Amendment to the United States Constitution. In his third assign- ment of error, defendant argues that the trial court erred in instructing the jury that it could reach nonunanimous verdicts and that, because the erroneous jury instruction constituted structural error, all of his convictions must be reversed. In his fourth assignment of error, he challenges the trial court's acceptance of the 10-2 verdict on Count 6. Taking that last issue first, because we conclude that the trial court should have granted a judgment of acquittal on

Count 6, we need not address defendant's fourth assignment of error and the state's concession on that point. With respect to defendant's structural-error argument articulated in his third assignment of error, we conclude that the trial court's instruction was error but not reversible error. In *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020), the Oregon Supreme Court rejected the argument that giving a nonunanimous jury instruction constituted structural error categorically requiring reversal in every case. Where, as in this case, the jury returns mixed—that is, both unanimous and nonunanimous—verdicts despite the nonunanimous instruction, such "instructional error was harmless as to the unanimous verdicts." *Id*. at 329.

    Conviction on Count 6 reversed; remanded for resentencing; otherwise affirmed.