No. 945 December 26, 2024 131

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROANNA MORIAH VOYTKO,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR32542; A181654

Katherine E. Weber, Judge.

Argued and submitted November 19, 2024.

Carla E. Edmondson, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this criminal appeal, defendant challenges her convictions for three counts of recklessly endangering another person, ORS 163.195,[1] after an incident in which defendant drove her vehicle while intoxicated with her three children as passengers. Defendant raises three assignments of error, contending in a combined argument that the trial court erred in denying her motion for judgments of acquittal,[2] because there was insufficient evidence in the record to support her convictions. Viewing the evidence in the record in the light most favorable to the state, we conclude that the evidence was sufficient to support the trial court's determination, as the trier of fact, that defendant's conduct created a substantial risk of serious physical injury to her three children. *See, e.g.*, *State v. Harris*, 311 Or App 27, 29, 487 P3d 421 (2021) (articulating our standard of review for a denial of a motion for judgment of acquittal). We affirm.

The state charged defendant with three counts of recklessly endangering another person after defendant, who was intoxicated, drove a vehicle in which her three children were passengers. Defendant was convicted of all three counts after a bench trial. She appeals the resulting judgment, arguing that the evidence in the record is insufficient to support the court's conclusion that defendant's conduct created a substantial risk of serious physical injury to the children, because defendant drove slowly, she only drove a short distance, and she never left a private driveway. The state responds that defendant's level of impairment and her intent to drive on public roads support a conclusion that there was a substantial risk to the children.

To be guilty of reckless endangerment, a person must "engage[] in conduct which creates a substantial risk

_____

[1] ORS 163.195(1) provides that:

"A person commits the crime of recklessly endangering another person if the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person."

[2] In closing argument, defendant challenged the sufficiency of the evidence to support her convictions for reckless endangerment. In a bench trial, that is the functional equivalent of a motion for judgment of acquittal, and we treat it as such on appeal. *State v. Gonzales*, 188 Or App 430, 431, 71 P3d 573 (2003). Thus, defendant's arguments are preserved.

of serious physical injury to another person." ORS 163.195(1). Physical injury is "serious" when it "creates a substantial risk of death" or "causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." ORS 161.015(8). The risk of serious physical injury must be "substantial" or "likely," but the conduct that the statute prohibits "is not limited to conduct that actually exposes another person to harm." *State v. Mojarro-Sandoval*, 208 Or App 178, 182, 144 P3d 996, *rev den*, 342 Or 117 (2006) (explaining that a driver's level of impairment, without evidence of erratic driving, can support an inference that passengers in the vehicle were at substantial risk of serious physical injury) (internal quotation marks omitted).

Here, we conclude that the evidence in the record, viewed in the light most favorable to the state, sufficiently supports the trial court's conclusion that defendant's conduct created a substantial risk of serious physical injury to her three children. The evidence indicates that defendant had been drinking earlier in the evening. And although defendant drove slowly, the vehicle veered off the driveway toward the fence and trees. Finally, defendant intended to drive the vehicle onto the public road; she acknowledged but disregarded the risk of a serious accident; and she only stopped driving when the vehicle struck a flowerpot and one of her children took the keys.

Those circumstances support an inference that defendant created the requisite level of risk to her children when she drove the vehicle in which they were passengers. Thus, we conclude that the trial court did not err in denying defendant's motion for judgment of acquittal.

Affirmed.