Argued and submitted November 12, 1981, reversed and
remanded for a new trial January 25, 1982

## STATE OF OREGON,
*Respondent,*

*v.*

## FRANK MARVIN STATHAM,
*Appellant.*

(No. 10-81-01974, CA A21434)

639 P2d 684

John Daugirda, Deputy Public Defender, Salem, argued
the cause for appellant. With him on the brief was Gary D.
Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief

were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Joseph, Chief Judge, and Roberts, Judge.

ROBERTS, J.

## ROBERTS, J.

Defendant seeks reversal of his conviction for the crime of unlawful possession of a controlled substance, marijuana, seized from a duffel bag taken from the back seat of a vehicle which he was driving. The trial court found that, although defendant had a reasonable expectation of privacy in the passenger compartment of the vehicle, he had failed to establish any privacy interest in the duffel bag itself and denied defendant's motion to suppress the evidence. We reverse.

Defendant attracted the attention of the police following a report of a suspicious person around a grocery store in the early hours of the morning. He was stopped for failure to signal before making a turn, and he failed to produce any identification. Police, using a flashlight, saw no weapons or contraband inside the car, but noted a box of adhesive bandages on the dashboard. Because defendant's physical appearance resembled the description of the "I-5 Killer" or "Band-Aid Bandit" then at large, police were suspicious. Defendant was asked to step from the car, and he did. One officer noted an odor of marijuana coming from the car.

Defendant told police the car belonged to his girlfriend. A police check ultimately revealed the registered owner was a Rafford Lolane, of British Columbia.[1] Police advised defendant of their suspicions about his identity and asked him if he had any weapons or masks in the car. Defendant said he did not. Police attempted to obtain defendant's consent to a search of the car; he refused. The car was then searched on the basis of the marijuana odor, a search which defendant concedes was based upon probable cause and exigent circumstances. This search turned up paraphernalia for smoking marijuana and several marijuana cigarette stubs, defendant's wallet, containing identification, and a pair of white shoes. The duffel bag, the search of which is at issue here, was located on the right rear seat of the car, with the top of the bag pushed into the corner. The police officer who searched the car testified that although he thought he could have "contorted" himself into

---

[1] According to police, defendant initially gave his name as "Rafford Frank."

the back seat and looked into the bag, he instead tilted the bag toward him, shined his flashlight into an opening in the top approximately two to two-and-a-half inches in diameter and saw clear bags inside, containing what looked to him like marijuana. He then removed the duffel bag from the car and opened it, exposing a number of bags of marijuana. Defendant was placed under arrest, and a search incident to the arrest revealed "a small baggie" of marijuana in his sock.

■        Defendants charged with a crime of possession may claim the benefits of the exclusionary rule only if their personal Fourth Amendment rights have been violated. *United States v. Salvucci,* 448 US 83, 100 S Ct 2547, 65 L Ed 2d 619 (1980). The test is not one of "automatic standing" or mere property owner-ship, but is satisfied only by an analysis of whether the defendant has a legitimate expectation of privacy in the invaded place. 448 US at 93, citing *Rakas v. Illinois,* 439 US 128, 99 S Ct 421, 58 L Ed 2d 387 (1978). Citing these two Supreme Court cases, the the trial court found that, because defendant had made no claim that the property in the car was his, he had not shown that his Fourth Amendment rights had been violated in the search of the duffel bag. The court thus shifted to the defendant the burden of proving that the search of the duffel bag was illegal, evidently relying on a footnote in *Rakas* in which the Supreme Court said:

> "The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." 439 US at 130 n 1.

Defendant maintains that he is entitled to rely on Oregon's statutory presumption of ownership, set forth in ORS 41.360, to establish the requisite expectation of privacy to challenge the search:

> "All presumptions other than conclusive presumptions are satisfactory, unless overcome. They are disputable presumptions, and may be controverted by other evidence, direct or indirect, but unless so overcome, the jury is bound to find according to the presumption. The following are of that kind:
>
> "(1)   A person is innocent of crime or wrong.
> "* * * * *

"(11)   Things in the possession of a person are owned by him.

"(12)   A person is the owner of property from exercising acts of ownership over it or from common reputation of his ownership.

"* * * * *."

He points out also that ORS 133.693(4) places on the prosecution the burden of proving the validity of the search:

"Where the motion to suppress challenges evidence seized as the result of a warrantless search, the burden of proving by a preponderance of the evidence the validity of the search is on the prosecution."

The facts of this case are substantially similar to the facts in *State v. Schneider,* 51 Or App 161, 625 P2d 150 (1981), in which we found defendant had no standing to contest a search of an auto which he was driving when the only evidence which might indicate his expectation of privacy in the car's interior was his statement that the car belonged to a friend. As in the case before us, the defendant in *Schneider* did not testify, and no one testified on his behalf. We noted in the majority opinion in *Schneider* the dissent's reliance upon the statutory presumption of ownership, ORS 41.360(12), an argument which we said "we might find more persuasive if (1) it had been suggested to the trial judge, or (2) it had been argued to us." 51 Or App at 166. In this case the defendant made it clear, both at trial and here, that he is relying on the statutory presumption.

The state did not raise the issue of defendant's standing to challenge the search of the duffel bag until closing arguments on the motion to suppress. Counsel for defendant indicated to the court that the state's affidavit provided no notice that standing was to be an issue. At the continuation of the hearing the following morning, counsel stated to the court:

"[DEFENSE COUNSEL] * * * I had occasion to read the dissent in *State versus Schneider.* And the approach that was used by Judge Buttler in that case would be the approach which the defendant had taken in this matter."

Counsel went on to outline the dissent's analysis and was interrupted by the court:

"[COURT] * * * I have read all of that. I am well aware of what the argument is. You needn't review it for me. I'm well aware. I spent hours pouring over it.

"[DEFENSE COUNSEL] Well, the reason I bring it up, your Honor, and get it on the record is that the majority indicated in their opinion that: 'the dissent ingeniously suggests an analysis based upon a statutory presumption which we might find more persuasive if it had been suggested to the trial judge.'

"[COURT] Yes, I've read that also. I'm well aware of that.

"[DEFENSE COUNSEL] Just like to show we are arguing, that they didn't get it before the court. Thank you, your Honor."

■ Defendant thus made clear the position we said was lacking in *Schneider,* that he was relying on ORS 41.360 to establish his privacy interest. There was no evidence to overcome the statutory presumption that the duffel bag was defendant's, and the court was bound by it. We hold, therefore, that, although the federal cases dealing with the exclusionary rule require a defendant to establish that personal privacy rights were violated by a search, in Oregon a defendant is permitted to rely upon a disputable presumption of ownership to establish that expectation of privacy. ORS 41.360.

■ It is not necessary to remand for findings on the merits of defendant's challenge to the search, because the trial court found that the duffel bag was a closed container.[2] The state concedes here that if the duffel bag were a closed container, police could only have opened it pursuant to a search warrant. The state argues, however, that the question of whether the bag was a closed container is a question of law, not fact, and that we are thus not bound by the trial court's findings. The state cites *Krummacher v. Gierloff,* 290 Or 867, 627 P2d 458 (1981), in support of its position. The fact that the characterization of the bag has constitutional ramifications does not make the determination of that characterization a question of constitutional law. The evidence sustains the trial court's finding on this

---

[2] The court noted that this finding was not necessary because of its analysis of the standing problem.

issue. It is an issue of fact. We are, therefore, bound by it. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). The marijuana seized from the duffel bag and from defendant's person following his arrest should have been suppressed.

Reversed and remanded for a new trial.