Argued and submitted February 8, reversed and remanded April 27, 1983

## STATE OF OREGON,
*Respondent,*

*v.*

## FRANK MARVIN STATHAM,
*Appellant.*

(10-81-01974; CA A25450)

662 P2d 368

John Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant was indicted in March, 1981, for unlawful possession of a controlled substance. ORS 475.992. His motion to suppress was denied in April, 1981, and he was convicted in May, 1981. His conviction was reversed by this court in January, 1982, and remanded for a new trial. *State v. Statham,* 55 Or App 646, 639 P2d 684 (1982). The state did not petition the Supreme Court for review.

The facts are set forth in this court's opinion in the prior appeal:

"Defendant attracted the attention of the police following a report of a suspicious person around a grocery store in the early hours of the morning. He was stopped for failure to signal before making a turn, and he failed to produce any identification. Police, using a flashlight, saw no weapons or contraband inside the car, but noted a box of adhesive bandages on the dashboard. Because defendant's physical appearance resembled the description of the 'I-5 Killer' or 'Band-Aid Bandit' then at large, police were suspicious. Defendant was asked to step from the car, and he did. One officer noted an odor of marijuana coming from the car.

"Defendant told police the car belonged to his girlfriend. A police check ultimately revealed the registered owner was a Rafford Lolane, of British Columbia. Police advised defendant of their suspicions about his identity and asked him if he had any weapons or masks in the car. Defendant said he did not. Police attempted to obtain defendant's consent to a search of the car; he refused. The car was then searched on the basis of the marijuana odor, a search which defendant concedes was based upon probable cause and exigent circumstances. This search turned up paraphernalia for smoking marijuana and several marijuana cigarette stubs, defendant's wallet, containing identification, and a pair of white shoes. The duffel bag, the search of which is at issue here, was located on the right rear seat of the car, with the top of the bag pushed into the corner. The police officer who searched the car testified that although he thought he could have 'contorted' himself into the back seat and looked into the bag, he instead tilted the bag toward him, shined his flashlight into an opening in the top approximately two to two-and-a-half inches in diameter and saw clear bags inside, containing what looked to him like marijuana. He then removed the duffel bag from the

car and opened it, exposing a number of bags of marijuana. Defendant was placed under arrest, and a search incident to the arrest revealed 'a small baggie' of marijuana in his sock." 55 Or App at 648-49.

This court ruled:

" * * * We hold, therefore, that, although the federal cases dealing with the exclusionary rule require a defendant to establish that personal privacy rights were violated by a search, in Oregon a defendant is permitted to rely upon a disputable presumption of ownership to establish that expectation of privacy. ORS 41.360.

"It is not necessary to remand for findings on the merits of defendant's challenge to the search, because the trial court found that the duffel bag was a closed container. The state concedes here that if the duffel bag were a closed container, police could only have opened it pursuant to a search warrant. * * * The marijuana seized from the duffel bag and from defendant's person following his arrest should have been suppressed.

"Reversed and remanded for a new trial." 55 Or App at 651-52. (Footnote omitted.)

Following remand, the state moved the trial court

" * * * to rule that marijuana found within a duffel bag inside the passenger compartment of a car being operated by the defendant was lawfully seized and searched and that the evidence was properly admitted into the defendant's trial previously held therein. It is further moved that defendant's conviction be reinstated or affirmed."[1]

The state based its motion on *New York v. Belton,* 453 US 454, 101 S Ct 2860, 69 L Ed 2d 768 (1981), and *United States v. Ross,* 456 US 798, 102 S Ct 2157, 72 L Ed 2d 572 (1982).

The trial court, after hearing the motion, ordered that "the conviction and sentence of the defendant is reinstated as of the date originally entered." The trial court explained its order:

"Reduced to its barest essentials, the opinion of the Court of Appeals held that the defendant in fact had

---

[1] The state's motion made no mention of the evidence seized from defendant's person following the arrest, *i.e.,* the baggie of marijuana in defendant's socks.

standing to challenge the search of a duffel bag, that he made such a challenge and since the Court had found as a matter of fact that the duffle bag was a closed container and under the state of law as it existed at that time was not subject to search without warrant, the case was reversed and remanded for trial. While the case was on appeal, New York vs. Belton was decided on July 1, 1981. No mention of this case was made in the opinion of the Court of Appeals and I presume was not considered by them. After the case was reversed and remanded for a new trial United States vs. Ross was decided on June 1, 1982, by the U. S. Supreme Court.

"At the retrial of this case the validity of the introduction of the evidence seized will be tested by the decisions in Ross and Belton and such evidence will be clearly admissible."

The trial court stated that no purpose would be served in ordering a new trial.

Defendant asserts the trial court erred in reconsidering the suppression issue and in reconvicting and resentencing defendant without a new trial. We agree, and reverse.

The state argues that ORS 133.673(2) authorizes it to move for reconsideration of the suppression order. ORS 133.673(2) provides:

"A motion to suppress which has been denied may be renewed, in the discretion of the court, on the ground of newly discovered evidence, or as the interests of justice require."

The statute authorizes a defendant to renew his motion to suppress if it has been denied. It does not authorize the state to move for reconsideration of defendant's motion to suppress after its denial by the trial court has been reversed by this court. The absence of a companion provision to ORS 133.673(2) allowing the state to request reconsideration of a motion to suppress which has been granted confirms that there is no statutory basis, in the first instance, to support the state's motion.

Because there is no statutory basis for the state's motion, there is no basis for the trial court not to follow the directions of this court. ORS 138.270(2) provides:

"If by the judgment of the appellate court a new trial is ordered from the entry of the judgment in the court below, the action is to be deemed pending and for trial in such court, according to the directions of the appellate court."

In *Statham,* we remanded to the trial court to give defendant a new trial "according to the directions" of this court, which include that "the marijuana seized from the duffel bag and from defendant's person following the arrest should have been suppressed." The trial court must follow those directions.

In *State v. Fuller,* 56 Or App 719, 643 P2d 382, *rev den* 293 Or 340 (1982), cited by the state, we held only that the state on retrial could introduce prior inconsistent statements to impeach its own witness, although error in the first trial, because the new Evidence Code allows a party to impeach his own witness with prior inconsistent statements and applies by its own terms to a retrial after January 1, 1982. In *State v. Parras,* 52 Or App 1071, 630 P2d 410, *rev den* 291 Or 662 (1981), the *defendant* on retrial renewed his motion to suppress evidence and thereby reopened the suppression issue for reconsideration by the trial court. In the instant case, the *state* asked for reconsideration of the suppression issue, a motion which we hold ORS 133.673(2) does not allow.[2]

Reversed and remanded for a new trial.

---

[2] The effect of *Belton* and *Ross* on the issue is not before us because the state may not reopen the suppression motion.