JAMES, J.
*247 Defendant appeals from a judgment of conviction entered for assault in the fourth degree, ORS 163.160, following a bench trial. On appeal, defendant assigns error to the trial court's refusal to disclose its interpretation of the elements of fourth-degree assault that it applied to convict him. As we explain, in a bench trial, as in a jury trial, a party is entitled, upon request, to a ruling with regard to the elements of the law that will be applied in the case. In bench trials, that can occur through the offer and acceptance of instructions, as in a jury trial, or through another means that creates a record that explains what law the court applied in reaching its verdict. On this record, we agree with defendant that the trial court should have made that type of record of its ruling on the elements of the charged offense, and we therefore reverse and remand.
The sequence of events underlying the charges is largely undisputed. On the evening of July 15, 2016, Stewart heard a commotion in front of her house in Eugene. She saw one of her dogs across the street and defendant, her neighbor, on the sidewalk pointing and yelling at her. She retrieved her dog and returned it to the backyard. Stewart then heard defendant knocking loudly on her front door. Stewart tried to open the door, but defendant was standing too close for her *449 to open it all of the way. Stewart tried to grab defendant's sleeve to make him move out of the way, and defendant hit her in the face. Stewart asked, "Why'd you hit me?" and defendant responded, "You touched me." Stewart's husband then came running out of the house and tackled defendant off the porch. The police arrived shortly after and arrested defendant.
The state charged defendant with one count of assault in the fourth degree, ORS 163.160. During the bench trial, both the state and defense counsel submitted jury instructions, including special jury instructions requested by the defense. The special instructions provided, among other things, that the factfinder had to find that defendant "was aware of the assaultive nature of his conduct." Along with the instructions, defendant stated that, "under the analysis in [
*248 State v. Wier , 260 Or. App. 341, 354, 317 P.3d 330 (2013) ], physical injury, whether serious or not, is a result element, and that as a result element for a crime in the criminal code, a culpable mental state must apply." The trial court did not discuss the proposed instructions prior to deliberating on its verdict, or at any point indicate its acceptance of the proffered instructions. In particular, the trial court did not explain what culpable mental state, if any, it determined applied to the result element of fourth-degree assault. After the court announced its verdict, finding defendant guilty, defense counsel spoke with the court about the special jury instructions:
"[DEFENSE COUNSEL]: We'd like to be sentenced today, Your Honor. But before we proceed to that sentence, with regard to the special jury instructions that I submitted, is the Court taking those into consideration in this verdict?
"THE COURT: Well, I'm not taking them into consideration as jury instructions 'cause I'm not a jury. I take into consideration the law. Just as if it-there were a jury, you wouldn't be able to question them as to their reasoning regarding a verdict.
"If you-if that's what you're doing, it's a little bit unusual-
"[DEFENSE COUNSEL]: But-
"THE COURT: -because you wouldn't be able to do that to a jury. I can tell you that I render this verdict based on credibility. And I take into account the law, which I'm required to do. So-so I take them in-take them into account in that way but not as jury instructions.
"[DEFENSE COUNSEL]: I-I understand. It's a little unusual situation, and I thought about this as I was leaving the courthouse, about preservation purposes.
"THE COURT: Mm-hmm.
"[DEFENSE COUNSEL]: Because, I mean, it's an instruction we're asking-we're-and-and I get instructions, bench trial-jury trial difference. And I guess when you say you're taking into consideration the law, I'm asking Your Honor, it's my-the jury instructions that I submitted, are you agreeing with that interpretation as to the law?
*249 "THE COURT: I don't know that I have to answer that question, [defense counsel]. I think you can submit them, and I can tell you that I read all of the cases that you provided on the second page, which were the case cites, and that I'm rendering a verdict based on credibility."
Defense counsel reiterated that the special jury instructions submitted contained the correct statement of the law, which needed to be considered by the trial court in rendering the verdict. Ultimately, the trial court did not disclose the law it was applying in its evaluation of the facts and entered a judgment of conviction for fourth-degree assault.
The sole issue on appeal is whether the trial court erred in refusing defendant's request to make a record of its ruling on the elements of the charged crime. Defendant contends that, because the trial court failed to make a record of its ruling, there is no way for defendant or a reviewing court to know whether the verdict was based on a correct interpretation of the elements of the charged offense-that is, whether the verdict was based on a finding that defendant acted with a culpable mental state with respect to either the nature of his conduct or the injury he caused. The state contends otherwise, asserting that the trial court did not err "because in rendering a verdict in a bench trial, *450 'no formal findings' are required if the record is sufficient for an appellate court to review the legal point at issue." (Quoting State v. Hull , 286 Or. 511, 517, 595 P.2d 1240 (1979).)
The parties' dispute arises, in part, because of the nature of a bench trial, in which the court determines both the law and the facts. In a jury trial, the parties submit proposed jury instructions to the trial court and the court decides which ones will be used to instruct the jury on the elements of the offense. In doing so, the trial court creates a record of how it instructed the jury, which can be reviewed on appeal for legal error. A bench trial, by contrast, presents a special issue because "[when] the case is tried to the court without a jury, *** then the legal assumptions about the elements that would suffice [for a conviction] do not take the form of instructions." Hull , 286 Or. at 517, 595 P.2d 1240. In other words, it is often not as clear from the record in bench trials what *250 principles of law the factfinder applied to the facts with respect to the charged offense.[1]
Nonetheless, in both jury trials and bench trials, a defendant has a statutory right to appeal under Oregon law that is an integral part of the adjudication of guilt. See State v. Carmickle , 307 Or. 1, 6, 762 P.2d 290 (1988) (explaining that a criminal defendant has no constitutional right to appeal, and that appellate jurisdiction springs from statute); ORS 138.020 ("Either the state or the defendant may as a matter of right appeal from a judgment in a criminal action in the cases prescribed in ORS 138.010 to 138.310, and not otherwise."); ORS 138.035(1) (authorizing an appeal from a judgment by a defendant); ORS 138.105(1) ("[T]he appellate court has authority to review the judgment or order being appealed, subject to the provisions of this section.").[2] And, "once [the] state creates a right to appeal that is an integral part of the * * * system for finally adjudicating the guilt or innocence of a defendant, it must decide those appeals using procedures that comport with the protections of the Fourteenth Amendment." Haynes v. Board of Parole , 362 Or. 15, 30, 403 P.3d 394 (2017) (internal quotation marks and citations omitted).
For purposes of exercising that statutory right to appeal, a criminal defendant has an obligation to preserve claims of error. See State v. Wyatt , 331 Or. 335, 341, 15 P.3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal."). Correspondingly, a trial court must, upon request for a ruling, rule in a manner that allows for meaningful appellate review. See, e.g. , McCarthy v. Oregon Freeze Dry, Inc. , 327 Or. 185, 188, 957 P.2d 1200 (1998) (stating that "the practical needs of meaningful appellate review underlie the court's obligation to *251 make explanatory findings" to support the exercise of discretion); see also State v. Guzek , 358 Or. 251, 268-69, 363 P.3d 480 (2015) ("[W]e have held that a trial court must make a record of its factual findings and reasoning in support of its order requiring a defendant to wear a stun belt. The purpose of those findings is to facilitate appellate review. *** [T]he standard for determining error in the sufficiency of the judicial record is a functional one-namely, whether the record reveals the findings and reasoning for the court's actions." (Internal quotation marks and citations omitted.) ).
In Hull , the Oregon Supreme Court addressed how those corresponding obligations apply when there is a dispute over the elements the state must prove in a bench trial. 286 Or. at 517, 595 P.2d 1240. The court explained:
"In [a bench trial], there are different ways in which the record could show the *451 basis of the court's conclusion so as not to foreclose review of this issue on appeal. One helpful way would be if the court expressed in some form its view of the facts, insofar as they are disputed. Alternatively the court might express its understanding of the elements legally needed to charge ***, since these will not be recorded in the form of jury instructions. Or the court might do both. We prescribe no formal findings; what matters is only that an appellate court can perform its function on the issue whether the [substantive issue] was decided on the right legal premises ."
Id. (emphasis added).
As Hull makes clear, in a bench trial there is no fixed procedural means of preserving a challenge to the trial court's determinations as to the elements of a crime, nor is a trial court required to express its ruling in a particular way. Id. But it is equally clear from Hull , and from other cases describing a trial court's role in facilitating meaningful appellate review, that a court cannot refuse to disclose the legal principles that it has applied in construing the elements necessary to adjudicate guilt, when a defendant properly raises that issue.
In this case, contrary to the trial court's view, the procedure used by defense counsel-submitting proposed *252 instructions and asking for a ruling on those instructions-was a permissible means of raising the legal issue of what the state was required to prove with regard to defendant's mental state.[3] Indeed, it is not uncommon for a court to receive proposed instructions from the parties during the course of a bench trial and to instruct itself on the correct version of the law, thereby creating a record that allows us to review whether the court applied the correct principles of law in reaching its verdict. See State v. Bronson , 277 Or. App. 586, 597, 372 P.3d 560 (2016) (acknowledging that, although the defendant had waived his right to a jury trial, "the parties continued to litigate the issue of jury instructions with the understanding that the trial court would apply the same legal principles in a bench trial"); State v. Satterfield , 274 Or. App. 756, 760, 362 P.3d 728 (2015) (noting that the state requested jury instructions during a bench trial).[4]
After submitting the special instructions, defendant specifically asked the court whether "the jury instructions that I submitted, are you agreeing with that interpretation as to the law?" That request triggered the trial court's obligation to create a sufficient record for this court to "perform its function" on whether the issue "was decided on the right legal premises." Hull , 286 Or. at 517, 595 P.2d 1240. But, rather than disclose its understanding of the law, the trial court stated, "I don't know that I have to answer that question, [defense counsel]. I think you can submit them, and I can tell you that I read all of the cases that you provided on the second *253 page, which were the case cites, and that I'm rendering a verdict based on credibility." That was error; the court was obligated to disclose its understanding of the law that it was applying to convict defendant.
In defending the trial court's judgment, the state attempts to recast the claim of error, inviting us to treat the issue as one of sufficiency of the evidence:
"In this case, the record allows this court to review the sufficiency of the evidence *452 supporting defendant's fourth-degree assault conviction. The state charged defendant in the language of the fourth-degree assault statute, and defendant argued that the state did not prove that he knowingly assaulted the victim. *** And the trial court concluded otherwise, finding defendant guilty. Without more, and as this court routinely does when reviewing the sufficiency of the evidence supporting a jury's silent verdict, this court can evaluate whether defendant possessed the requisite legal intent to commit assault . Accordingly, defendant's claim that he was entitled to a speaking verdict from the trial court must fail."
(Emphasis added.)
The issue before us is not legal sufficiency of the evidence; it is whether we can meaningfully review whether the trial court correctly applied the law in adjudicating guilt. Without knowing what standard the trial court applied, we are unable to determine whether it based its ruling on the correct legal premises. Thus, we reverse and remand for the trial court to create a sufficient record for our review.
Reversed and remanded.

Notwithstanding Hull 's observation that legal assumptions do not take the form of jury instructions in bench trials, it is not uncommon for a trial court to self-instruct, as we discuss below. See 295 Or. App. at 252-53; see also Wilson v. United States , 250 F.2d 312, 324 (9th Cir 1957) ("Is there any difference between a trial judge formally instructing the jury as to what he thinks the applicable law to be and in effect instructing himself similarly in a non-jury case? We think not. In each instance a conviction has resulted from the application of improper standards of law to the facts by the trier of fact. Such a case, we believe, compels reversal of the conviction.").

See also former ORS 138.040 (2015), repealed by Or. Laws 2017, ch. 529, § 26.

Although the trial court had announced its verdict immediately before counsel asked to clarify what law the court was applying, nothing in the court's ruling suggests that the court considered the request to be untimely or that it was refusing to rule on the ground that it had not been raised sooner. The state concedes that defendant's request was sufficient to preserve his claim of error, and we agree: Under the particular circumstances of this case, defendant's request for the court to clarify its understanding of the applicable legal principles was made at a time when the trial court easily could have corrected any error in its ruling, serving the purposes of the preservation requirement.

We have often held that our review of a ruling in a bench trial about the proof required for the elements of the charged offense is analogous to our review of a ruling about the elements to be proven in a jury instruction. State v. Wiborg , 285 Or. App. 131, 133 n. 2, 396 P.3d 258 (2017) ; see also Babler Bros. v. Pac. Intermountain , 244 Or. 459, 467, 415 P.2d 735 (1966) ("When the record discloses that the jury applied the wrong law to the problem, the verdict cannot stand. Where an error of law is shown to have influenced the court trying a case without a jury, reversal is equally necessary.").