Argued and submitted January 29, reversed and remanded July 21, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAYMOND WILLIAM COLBY III,
*Defendant-Appellant.*

Lane County Circuit Court
16CR44155; A171911

494 P3d 370

Debra K. Vogt, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Greg Rios, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

This case, in which defendant was convicted of fourth-degree assault, is before us a second time. The first time,

> "[d]uring the bench trial, both the state and defense counsel submitted jury instructions, including special jury instructions requested by the defense. The special instructions provided, among other things, that the factfinder had to find that defendant 'was aware of the assaultive nature of his conduct.' Along with the instructions, defendant stated that, 'under the analysis in [*State v. Wier*, 260 Or App 341, 354, 317 P3d 330 (2013)], physical injury, whether serious or not, is a result element, and that as a result element for a crime in the criminal code, a culpable mental state must apply.'"

*State v. Colby*, 295 Or App 246, 247-48, 433 P3d 447 (2018) (brackets in *Colby*). The trial court declined defendant's request to make a record of its ruling on the charged elements of the crime, explaining that it was rendering a verdict based on credibility. *Id*. at 248. "In particular, the trial court did not explain what culpable mental state, if any, it determined applied to the result element of fourth-degree assault." *Id*.

In that first appeal, defendant challenged the trial court's failure to make a record. We agreed that the court had erred in not doing that, explaining that, because we could not tell what legal standard the trial court had applied in adjudicating guilt, we could not determine whether it based its ruling on the correct legal premises. We therefore reversed and remanded the case so that the trial court could create a sufficient record for our review. *Id*. at 253.

On remand, the trial court held a hearing to discuss the remand and took the matter under advisement. In its letter opinion, the court made no mention of the result element of fourth-degree assault.

In this second appeal, defendant points to the trial court's silence on the result element of fourth-degree assault and argues that the trial court failed to create a record adequate for our review. Defendant contends that the trial court

failed to comply with our remand directions in *Colby* and that the trial court's failure to create a record on the result element deprived him of an opportunity to seek meaningful appellate review of the trial court's ruling. Defendant also asks for a new trial.

We agree with defendant that it was error for the trial court, on remand, not to "explain what culpable mental state, if any, it determined applied to the result element of fourth-degree assault." *Colby*, 295 Or App at 248, 253; *cf. State v. Statham*, 62 Or App 841, 846, 662 P2d 368 (1983) (noting that we "remanded to the trial court to give defendant a new trial 'according to the directions' of this court" and that the "trial court must follow those directions"). We again reverse and remand for the trial court to create a sufficient record for our review. We reject defendant's request that we direct the trial court to order a new trial.

Reversed and remanded.