***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted June 2, affirmed July 19, petition for review denied
November 2, 2023 (371 Or 511)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAYMOND WILLIAM COLBY III,
*Defendant-Appellant.*

Lane County Circuit Court
16CR44155; A178699

Debra K. Vogt, Judge.

Ray Colby filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a judgment of conviction for assault in the fourth degree, ORS 163.160, following a bench trial. Defendant raises a single assignment of error, asserting that the trial court erred when it did not grant him a new trial following this court's remand. We affirm.

This is the third time this case has come before us. We twice previously reversed and remanded for the trial court to make a record of what mental state, if any, it had applied to the "result" element of assault in the fourth degree. *State v. Colby*, 313 Or App 492, 493-94, 494 P3d 370 (2021), *rev den*, 369 Or 209 (2022) (*Colby II*); *State v. Colby*, 295 Or App 246, 248-49, 253, 433 P3d 447 (2018) (*Colby I*). Following the second remand, the trial court rejected defendant's request for a new trial, and explained that, as to the "result" element, the evidence established that defendant had acted recklessly.

On appeal, defendant argues that, given the Supreme Court's rulings in *State v. Owen*, 369 Or 288, 505 P3d 953 (2022), *State v. McKinney/Shiffer*, 369 Or 325, 505 P3d 946 (2022), and *State v. Hightower*, 368 Or 378, 491 P3d 769 (2021), the proper remedy following the second remand was to order a new trial. We disagree. In defendant's last appeal, we declined to remand for a new trial. *Colby II*, 313 Or App at 494. Instead, we asked the trial court to "'explain what culpable mental state, if any, it determined applied to the result element of fourth-degree assault.'" *Id*. (quoting *Colby I*, 295 Or App at 248, 253). The court complied with our instruction and explained that it found that defendant had acted recklessly as to the physical injury element. Defendant did not argue below, nor does he now contend, that applying a reckless mental state to the physical injury element is legally impermissible. *See Owen*, 369 Or at 322 (for second-degree assault, the state "at a minimum, must prove that a defendant was criminally negligent with respect to the injury caused by the defendant's actions"). Therefore, the trial court did not err, and there is no basis for us to reverse and remand for a new trial.[1]

---

[1] Defendant is correct that, under the Supreme Court's reasoning in *Hightower*, "it is also necessary to evaluate the impact that the error identified

Affirmed.

_____

by the appellate court had on how the record could have developed below" when determining whether a new trial is required. 368 Or at 391-92. Here, however, the trial court's error was in failing to explain a legal standard. If the trial court had originally done so at the end of defendant's trial, nothing about the underlying factual record would have changed. Thus, a new trial is not required.