Submitted September 2, reversed and remanded December 7, 2022

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MICHAEL MEHDI KARIM,
*Defendant-Appellant.*

### Beaverton Municipal Court
RU510017671; A178151

522 P3d 24

Defendant was found guilty of use of marijuana in a motor vehicle, ORS 811.482, a Class B traffic violation. Under ORS 811.482, a person commits that violation by "consum[ing] in any manner a marijuana item while in a motor vehicle when the motor vehicle is upon a highway," with "marijuana item" having the meaning given that term in ORS 475C.009. On appeal, defendant argues, and the state concedes, that a hemp cigarette of the type that defendant claims to have smoked on the day in question—*i.e.*, a hemp cigarette containing less than 0.3 percent tetrahydrocannabinol (THC)—is not a "marijuana item" for purposes of ORS 811.482. *Held*: The trial court misinstructed itself on the meaning of "marijuana item" when it found defendant guilty of violating ORS 811.482. The described hemp cigarette is not a "marijuana item" for purposes of ORS 811.482.

Reversed and remanded.

Juliet J. Britton, Judge.

Michael Karim filed the brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

AOYAGI, J.

Reversed and remanded.

**AOYAGI, J.**

Defendant appeals a judgment convicting him of use of marijuana in a motor vehicle, ORS 811.482, a Class B traffic violation. "A person commits the offense of use of marijuana in a motor vehicle if the person consumes in any manner a *marijuana item* while in a motor vehicle when the motor vehicle is upon a highway." ORS 811.482(2) (emphasis added). As explained below, we agree with the parties that, as a matter of statutory construction, industrial hemp is not a "marijuana item" for purposes of ORS 811.482. Because the court misinstructed itself on the law in finding defendant guilty, we reverse the judgment. We remand for a new trial, however, because the court's misconstruction of the statute led it to believe that it did not matter whether it was marijuana or hemp that defendant had smoked; consequently, the court never made a factual finding on that issue.

In January 2022, a police officer conducted a traffic stop of defendant, after seeing him run a stop sign. Defendant was cited for failure to obey a traffic signal, ORS 811.265; that citation is not at issue in this appeal. Defendant was also cited for use of marijuana in a motor vehicle, ORS 811.482, which he contested.

At trial, the officer testified that, when he stopped defendant, he smelled a "very strong" odor of "marijuana" coming from the vehicle and therefore raised the issue of marijuana use during the traffic stop. A video recording of the entire 27-minute stop was admitted into evidence, and a two-minute excerpt was played at trial. The video shows that defendant was alone in the vehicle. In the excerpt played at trial, the officer told defendant that he smelled burnt "marijuana" coming from defendant's vehicle and that defendant needed to "manage [his] marijuana stuff" so that he could "drive safely without having marijuana be a part of that." Defendant responded, "That makes sense." The officer asked defendant why he was "smoking and driving," to which defendant responded that it was "something that I just need to stop doing altogether." Defendant acknowledged that it was a "habit." In other parts of the video, not played at trial

but admitted into evidence, the officer repeatedly referred to the smell of "marijuana," the law regarding driving under the influence of intoxicants, and the general prohibition on using "marijuana" in a vehicle. In response, defendant never mentioned hemp and arguably made an adoptive admission to smoking "marijuana" while driving.

After the close of the state's evidence, defendant, appearing *pro se*, testified that what he had smoked while driving was "hemp," which is "something you can buy at the gas station." Regarding its tetrahydrocannabinol (THC) content, defendant described the package as stating that the product contained "less than 0.3 percent THC by dry weight" but that it was "not THC-free" and that "[t]his very low amount of THC may be detectable by stringent drug tests, protocols for employment, health and insurance purposes, but it's classified as hemp."

Defendant then raised the issue of whether "hemp" qualified as a "marijuana item under the statute." The state (which had no one present except the police officer) took no position on that issue. The court took a recess to read the statute and review the definition of "marijuana."[1] When the court returned, it described the statute as containing a "very broad definition" of "marijuana item" that encompasses any "product intended for human consumption or use." Pointing to defendant's own testimony that he had smoked a product that was sold at gas stations and intended for human consumption, the court found defendant guilty without further discussion.

On appeal, defendant reiterates his argument that a hemp cigarette of the type that he described in his trial testimony does not meet the definition of a "marijuana item" for purposes of ORS 811.482. Defendant has refined his argument on appeal, but preservation is not disputed, and we agree that the issue is adequately preserved for appeal. As for the merits, the state concedes that the trial court misconstrued the statute.

---

[1] The court stated that it was going to read the definition of "marijuana" in "ORS 475B.015." In 2021, ORS 475B.015 was amended in a manner immaterial to this case, and then renumbered as ORS 475C.009. It is irrelevant that the court cited the prior version of the statute.

"A person commits the offense of use of marijuana in a motor vehicle if the person consumes in any manner a marijuana item while in a motor vehicle when the motor vehicle is upon a highway." ORS 811.482(2). "'Marijuana item' has the meaning given that term in ORS 475C.009." ORS 811.482(1)(b). That is, it "means marijuana, cannabinoid products, cannabinoid concentrates and cannabinoid extracts." ORS 475C.009(25). Each of those terms is then further defined, with "industrial hemp" expressly excluded from the definitions of both "marijuana" and "cannabinoid" products.[2] "'Marijuana' means the plant Cannabis family Cannabaceae, any part of the plant Cannabis family Cannabaceae and marijuana seeds[,]" ORS 475C.009(23)(a), but it expressly "does not include *** [i]ndustrial hemp[,]" ORS 475C.009(23)(b)(A). "'Cannabinoid product' means a cannabinoid edible and any other product intended for human consumption or use, including a product intended to be applied to the skin or hair, that contains cannabinoids or dried marijuana leaves or flowers[,]" ORS 475C.009(8)(a), but it expressly "does not include *** [i]ndustrial hemp[,]" ORS 475C.009(8)(b)(D).

"'Industrial hemp' has the meaning given that term in ORS 571.269." ORS 475C.009(19). That is, it means "the plant species Cannabis sativa that has a tetrahydrocannabinol concentration that complies with the concentration specified by the [Department of Agriculture] by rule." ORS 571.269(9)(a)(A); *see also* ORS 571.269(9)(a)(B) (allowing the Department of Agriculture to "further define[]" the meaning of "industrial hemp"). The Department of Agriculture has specified by rule that the applicable THC concentration for industrial hemp is 0.3 percent, specifically "an average total tetrahydrocannabinol concentration that does not exceed 0.3 percent on a dry weight basis." OAR 603-048-0010(24)(a).

We agree with the parties that the trial court erred in concluding that a hemp cigarette of the type described by defendant is a cannabinoid product intended for human

_____

[2] The state does not argue that a hemp cigarette could meet the definition of a "cannabinoid concentrate," ORS 475C.009(5), or "cannabinoid extract," ORS 475C.009(7), nor did the trial court rely on those definitions, so we do not discuss them.

consumption and therefore a "marijuana item" for purposes of ORS 811.482. By its plain language—once one works through all the relevant cross-referenced statutory and administrative provisions—the described hemp cigarette qualifies as industrial hemp and therefore does not qualify as a "marijuana item" for purposes of ORS 811.482.

That leaves the question of disposition. Both parties request that we "reverse" the judgment of conviction, without further explanation. We agree that the judgment should be reversed, but we conclude that it also must be remanded.

Neither party has identified the exact nature of the trial court ruling that is challenged on appeal. However, having reviewed the record, we understand the ruling to be in the nature of an erroneous self-instruction in a bench trial.[3] *See State v. Colby*, 295 Or App 246, 252, 433 P3d 447 (2018) ("[I]t is not uncommon for a court to receive proposed instructions from the parties during the course of a bench trial and to instruct itself on the correct version of the law, thereby creating a record that allows us to review whether the court applied the correct principles of law in reaching its verdict."). In short, defendant requested that the court instruct itself on the meaning of "marijuana item" in ORS 811.482 so as to exclude "hemp." The court misconstrued the statute and therefore misinstructed itself. That, in turn, led the court to erroneously believe that it did not matter whether it was marijuana or hemp that defendant had smoked and, consequently, to not make a factual finding on that issue. The court instead reasoned that, by his own admission, defendant had violated the statute as the court construed

---

[3] The other possibility would be to view defendant's argument to the trial court as a motion for judgment of acquittal. No attorneys were present at defendant's trial, and defendant did not use formal legal terminology, leaving some room for interpretation. However, having reviewed the record, we are convinced that defendant was making an argument as to whether hemp was a "marijuana item," which is in the nature of an instruction request, rather than arguing that the trial court was required to believe that he smoked hemp instead of marijuana and to grant a judgment of acquittal on that basis. *See State v. Lewis*, 266 Or App 523, 524, 337 P3d 199 (2014) (the question on a motion for judgment of acquittal is whether, when the evidence is viewed in the light most favorable to the state, "a rational trier of fact, making reasonable inferences, could have found the essential elements of the crime proved beyond a reasonable doubt." (Internal quotation marks omitted.)).

it. Under the circumstances, the proper remedy is to reverse and remand for a new trial on the alleged violation of ORS 811.482.

Reversed and remanded.