228 November 22, 2023 No. 607

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDREW STEVEN COX,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR49649; A176880

Judith H. Matarazzo, Judge.

Submitted March 17, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant appeals a judgment of conviction for one count of discharging a firearm in the City of Portland in violation of Portland City Code (PCC) 14A.60.020. In his first two assignments of error, he argues that the evidence was legally insufficient to find him guilty of the offense and that the trial court therefore erred in denying his motion for a judgment of acquittal (MJOA) made at the close of the state's case-in-chief and again at the close of all evidence.[1] As explained below, we conclude that the evidence was legally sufficient to go to the jury. In his third assignment of error, which raises an unpreserved claim of error, defendant argues that the trial court plainly erred in how it instructed the jury on self-defense. We reject that claim of error.[2] Accordingly, we affirm.

We describe the facts in the light most favorable to the state. *State v. Simmons*, 321 Or App 478, 479, 516 P3d 1203 (2022), *rev den*, 370 Or 740 (2023). In doing so, we do not differentiate between evidence based on the timing of its admission, because, on review of the denial of an MJOA, we must consider all of the trial evidence, regardless of when the motion was made. *See id.* ("Although defendant moved at the close of the state's case, we 'must consider all of the evidence and affirm the trial court if the record as a whole contains sufficient evidence to support a verdict against the defendant.'" (Quoting *State v. Nix*, 7 Or App 383, 384-85, 491 P2d 635 (1971).)).

One February morning, as defendant was getting ready for work, a thief took defendant's truck while it was

---

[1] A criminal defendant may move for a judgment of acquittal, based on insufficient evidence, "after close of the state's evidence or of all the evidence." ORS 136.445. Here, defendant used the term "directed verdict" for his later motion, but, in a criminal case, it is more accurately described as an MJOA, so we use that term for both motions.

[2] Given the unique combination of circumstances in this case, a discussion of the third assignment of error would be of limited utility to the bench and bar. It suffices to say that, on this record, we are unpersuaded that the court plainly erred by giving the jury instructions that the parties requested or, if it did, that these are appropriate circumstances in which to exercise our discretion to correct a plain error. *See* ORAP 5.45(1) (allowing for discretionary review of an unpreserved claim of error if the error is "plain"); *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (requirements for plain-error review).

parked, running to warm up, outside his house. It was a single cab pickup with a canopy on the back. Defendant, who had a concealed handgun license and a holstered 9mm handgun on his hip, went outside and saw the thief driving away westbound down the alley. He chased after the truck and yelled several times for the thief to stop. The thief turned right (northward) onto a paved street. Defendant ran after the truck into the middle of the street. While driving north, the thief reached across his body and extended his right hand through the driver's side window or door.

Defendant fired his handgun once "at the truck." The thief continued driving and turned at the next street intersection, driving out of sight.

Defendant called 9-1-1 to report the theft of his truck. He described the entire incident to the responding officer from start to finish. As to the thief's hand motion, defendant described the thief as putting his right hand out the driver's side window, which defendant perceived as a "threatening" move that "made him think the driver had a weapon." However, when the officer asked him specifically, defendant stated that he had not seen a weapon, denied that he had "felt threatened by what the driver was doing," and said that he "just wanted him to stop." Defendant did not know whether the bullet that he fired struck anyone in the truck, the truck itself, or anything or anyone else. He admitted that it probably "wasn't very smart" to shoot, or something to that effect. Defendant estimated that the truck was 150 feet from him when he fired.

The officer found the spent 9mm shell casing on the street. Later, the police recovered defendant's truck and found no bullet holes or any other indication that defendant's bullet hit the truck.

Defendant was charged with one count of discharging a firearm in the City of Portland, PCC 14A.60.020.[3] The charge was tried to a jury. The responding officer testified for the state, and defendant testified for the defense. Defendant's testimony was generally consistent with what he had told the

---

[3] Defendant was also charged with reckless endangerment, but that count was dismissed on procedural grounds before trial.

officer, with minor variations. As to the thief's hand motion, defendant testified that, when the truck was 80 to 100 feet away, he "saw the driver's side door open and the right arm reach across with a pointing gesture," was "not sure if it was a weapon or his finger," and "instantly drew [his] weapon and fired a shot." He was not asked at trial whether he felt threatened at the time. He was asked what he was "trying to do by firing the shot," however, to which he responded, "I just wanted the guy to stop. I just wanted my truck. I was hoping he'd stop and run off basically." Regarding the timing of drawing his weapon, defendant was impeached on cross-examination with his 9-1-1 call, during which he told the operator that he took out his gun as soon as he saw the thief get in the truck and drive off—*before* defendant called "stop" or the thief moved his arm. Defendant testified that he remembered saying that to the operator "but that's not exactly how it happened."

Defendant moved for a judgment of acquittal at the close of the state's case and again at the close of all evidence. The trial court denied both motions, and the jury ultimately found defendant guilty. The question before us is whether the court erred in denying defendant's MJOAs.

Under PCC 14A.60.020 A, "[i]t is unlawful for any person to discharge a firearm in the City or upon its boundaries." The law "does not apply to" people in certain circumstances, however, including "[a] person discharging a firearm in the lawful defense of person or property." PCC 14A.60.020 B(1).

In terms of what constitutes the "lawful" defense of person or property, a person may lawfully use reasonable physical force, but not deadly force, to prevent the theft of property. ORS 161.229 ("A person is justified in using physical force, other than deadly physical force, upon another person when and to the extent that the person reasonably believes it to be necessary to prevent or terminate the commission or attempted commission by the other person of theft or criminal mischief of property."). A person may lawfully use reasonable physical force, including deadly force, in self-defense. ORS 161.209 ("[A] person is justified in using physical force upon another person for self-defense *** from

what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."). Deadly force is "physical force that under the circumstances in which it is used is readily capable of causing death or serious physical injury." ORS 161.015(3). The use of deadly force in self-defense is limited to certain situations, one of which is when the person reasonably believes that someone is "[c]ommitting or attempting to commit a felony involving the use or threatened imminent use of physical force against a person." ORS 161.219(1). As to any use of physical force, the person must have an honest subjective belief that is objectively reasonable that the use of force is "necessary" under the circumstances. ORS 161.229; ORS 161.209; *see State v. Bassett*, 234 Or App 259, 264, 228 P3d 590, *rev den*, 348 Or 461 (2010).

The parties agree that, once a defendant raises the defense of "defense of person or property," PCC 14A.60.020 B(1), the state has the burden to prove that the defendant did not act in lawful defense of person or property.

Defendant argues that the court erred in denying his MJOAs, because the evidence was legally insufficient to prove a violation of PCC 14A.60.020 A. He argues that, although he admittedly used force to defend his property, the evidence was insufficient to prove that he used deadly force. Alternatively, he argues that, even if the evidence allowed a finding that he used deadly force, it was insufficient to prove that he was not acting in self-defense, in response to the thief's threatening hand movement. The state counters that the evidence was legally sufficient for the charge to go to jury.

On review of the denial of a motion for judgment of acquittal, our task is to examine the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). While the state is entitled to reasonable inferences

that a rational factfinder could make from the evidence, "speculation and guesswork" are not allowed. *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004). "Ultimately, whether circumstantial evidence is sufficient to support a given inference is a question of law." *Simmons*, 321 Or App at 483.

The first question that defendant raises is whether the evidence was sufficient to prove that he used "deadly force," *i.e.*, "physical force that under the circumstances in which it is used is readily capable of causing death or serious physical injury," ORS 161.015(3). We agree with the state that it was.

Defendant is correct that threatening the use of deadly force—which might include firing a "warning shot" in some circumstances—is different from actually using deadly force. *See State v. Taylor*, 182 Or App 243, 248, 48 P3d 182 (2002) (where the defendant pointed a gun but did not fire it, "there was no evidence that defendant actually used deadly physical force"); *State v. Burns*, 15 Or App 552, 562, 516 P2d 748 (1973) ("The threat of deadly force does not constitute the use of deadly physical force."). Here, however, defendant actually fired a gun from a distance of 150 feet. There was evidence that defendant aimed "at the truck." There was also evidence that, immediately after the incident, defendant did not know whether he had struck the truck, anyone inside the truck, or anything or anyone else.

The state did not need to prove that defendant aimed directly at the thief. A rational juror could find that he aimed "at the truck," which the thief was driving (with his hand out the window or door), and could reasonably infer that defendant aimed in such a manner that he did not know whether he struck the thief.[4] That evidence was

_____

[4] Defendant includes in his briefing a discussion of two cases involving convictions for recklessly endangering another person. "A person commits the crime of recklessly endangering another person if the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." ORS 163.195(1). The cited cases address whether firing bullets into the ceiling and front door of a duplex, *State v. Harbert*, 155 Or App 137, 963 P2d 710, *rev den*, 327 Or 554 (1998), or sling-shooting a glass marble into an empty plexiglass bus shelter, *State v. Wakefield*, 292 Or App 694, 425 P3d 491 (2018), created a "substantial risk of serious physical injury to another person." We do not find those cases particularly useful to our current analysis, but, to the extent that

sufficient to create a jury question as to whether defendant fired the gun in a manner readily capable of causing death or serious physical injury.[5] Because the evidence was sufficient to allow a finding that defendant used deadly force, he was not entitled to a judgment of acquittal based on the defense-of-property defense.

We turn to the second question that defendant raises, which is whether the evidence was sufficient to prove that defendant did not act in self-defense. Defendant argued to the trial court that he was entitled to a judgment of acquittal based on self-defense because (1) defendant perceived a threat and reasonably suspected that the thief had a weapon, which justified the use of deadly force, and (2) no rational juror could find that defendant was not stopping the commission of first-degree robbery, "which is a violent felony which would entitle [defendant] to use deadly force." Neither argument is well taken.

For defendant to have lawfully used deadly force in self-defense, he had to reasonably believe that the truck thief was "[c]ommitting or attempting to commit a felony involving the use or threatened imminent use of physical force against a person," ORS 161.219(1), and that "the degree of force" that defendant used was "necessary" to defend himself, ORS 161.209.[6] A jury looks to the "precise moment in which defendant acted" to determine whether the use of deadly force was reasonably necessary, *i.e.*, "at the moment he *fired* the gun." *State v. Harryman*, 277 Or App 346, 359, 371 P3d 1213, *rev den*, 360 Or 401 (2016) (internal quotation

they have some relevance by analogy, the circumstances here are more like the circumstances in *Harbert* than those in *Wakefield*.

    [5] On appeal, defendant additionally argues that, to prove that he used deadly force, the state needed to prove that the bullet had sufficient "kinetic force" to penetrate the truck body and the canopy and strike a person in the cab. We reject that argument on procedural grounds—because it was not made to the trial court—and would reject it in any event on the merits.

    [6] Another circumstance in which a person may be justified in using deadly physical force is when the person reasonably believes that another person is "[u]sing or about to use unlawful deadly physical force against a person," ORS 161.219(3). Defendant identifies ORS 161.219(1) as the relevant provision, so we discuss that provision, but we note that there seems to be little practical difference between ORS 161.219(1) and ORS 161.219(3) in these circumstances—given that the only physical force that the truck thief could have used against defendant from 80 to 100 feet away was firing a gun.

marks omitted; emphasis in original). A defendant's subjective beliefs and their objective reasonableness are factual issues for the jury. *Warren v. Baldwin*, 140 Or App 318, 333-34, 915 P2d 1016, *rev den*, 324 Or 229 (1996).

Here, the evidence was sufficient for a rational juror to find that defendant did not act in lawful self-defense. A rational juror could find on this record that defendant fired at the truck to try to stop the theft of his property, not because he subjectively believed that it was necessary to protect his person from physical injury. Defendant's own statements to the responding officer and at trial supported such a finding. Indeed, it is debatable whether a rational juror could make any other finding on this record. Alternatively, even if a rational juror could find that defendant subjectively believed that firing at the truck was necessary to protect his person, a rational juror could also find that such a belief was objectively unreasonable. Either way, the evidence was sufficient to disprove self-defense.

In sum, there was sufficient evidence for the jury to find that defendant's discharge of a firearm within Portland city limits was not done "in the lawful defense of person or property," PCC 14A.60.020 B(1). The trial court did not err in denying defendant's MJOAs.

Affirmed.