No. 598 July 2, 2025 641

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID MURRAY ORMSBY,
*Defendant-Appellant.*

Clackamas County Circuit Court
23CR23178; A182585

Jeffrey S. Jones, Judge.

Submitted May 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant appeals from a judgment of conviction entered for possession of a stolen vehicle, ORS 819.300, following a bench trial. A person commits the offense of possession of a stolen vehicle if the person "possesses any vehicle which the person knows or has reason to believe has been stolen." ORS 819.300. On appeal, defendant contends that the evidence was insufficient to prove that he "possess[ed]" the vehicle. The state responds that defendant's argument was not preserved, and that the evidence was sufficient to prove that defendant possessed the vehicle. As we discuss below, assuming without deciding that defendant's assignment of error was preserved,[1] there was sufficient evidence from which a reasonable factfinder could find that defendant possessed the stolen vehicle. We thus affirm.

We review the sufficiency of the state's evidence to determine whether a rational factfinder could find the elements of the offense beyond a reasonable doubt, viewing the evidence in the light most favorable to the state. *State v. Butterfield*, 332 Or App 526, 532, 549 P3d 545 (2024). As relevant here, both parties presented to the trial court a similar understanding of the element of possession to mean having "physical custody or *** exercis[ing] dominion or control over property," using Uniform Criminal Jury Instruction 1045.[2] At defendant's trial, the arresting officer testified that defendant was in the vehicle for approximately five minutes with the doors closed, and that he exited the car from the driver's seat. When he was arrested, his backpack was found on the passenger seat. And, during the arrest,

---

[1] Generally speaking, a defendant's challenge to the legal sufficiency of the evidence in closing argument can act to preserve an appeal from a motion for judgment of acquittal. *See State v. Gonzalez,* 188 Or App 430, 431, 71 P3d 573 (2003). However, even in such instances, such a challenge must still be clear. *See State v. Atwood*, 332 Or App 495, 497-98, 549 P3d 51 (2024) (finding that a closing argument that suggests the factfinder not be *persuaded* by the evidence does not preserve a sufficiency challenge for appeal). Because we find that even if the issue was preserved, we would still affirm, we do not address the issue in this opinion.

[2] In its answering brief, the state argues that the definition of "possess[ion]" for purposes of possession of a stolen vehicle should be construed to include "occupy[ing]" the vehicle because a vehicle is different than a controlled substance or a weapon. Because we conclude that the evidence was sufficient regardless of whether the trial court used the state's suggested interpretation, we do not reach that issue.

the officer found three or four keyrings, each with approximately five to ten keys on them, in his jacket pockets and his front pants pockets. Some of the keys were shaved down. The officer testified that shaved keys are commonly used to enter and start different models of cars. She also testified that when she arrested defendant, he told her that he was searching the vehicle for cans to sell, that he was trying to determine how to open the trunk, and that he found the shaved keys inside the car.

Defendant argues that the evidence was insufficient to prove that he possessed the vehicle because there was no evidence that the shaved keys fit the car door lock or ignition, or that defendant was otherwise able to operate the car. But, a rational factfinder could find that defendant was in the stolen vehicle for a significant amount of time, and could infer that defendant was looking under the dashboard trying to start the vehicle with the shaved keys in his possession. Taking all reasonable inferences in the light most favorable to the state, a rational factfinder could find that defendant possessed the vehicle because he had physical dominion or control over it.

Affirmed.