630 May 13, 2026 No. 420

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of N. R.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

N. R.,
*Appellant.*

Multnomah County Circuit Court
23JU03426;
Petition Number
230526044;
A185588

Francis G. Troy II, Judge.

Submitted April 15, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Joel C. Duran, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Youth appeals from a judgment ordering him to serve nine months of probation after the court determined that his conduct, if committed by an adult, would have constituted fourth-degree assault.[1] Youth argues that the juvenile court applied two incorrect legal standards regarding his defense of others defense; application of the erroneous legal standards constituted harmful error, and thus, the juvenile court's jurisdictional and dispositional determinations were improper. The state responds that the court applied the correct legal standards. For the reasons provided below, we affirm.

The underlying incident at issue in this case was a fight that occurred between several eighth-grade classmates. K and S were initial aggressors in a fight against T. At one point, K and S were moving away from T. At that point, youth approached T from the side. Youth slammed his fist or arm into the side of T's head and then immediately sprinted away.

Youth argued to the juvenile court that he acted lawfully in defense of S or K, because he believed S and K had withdrawn from the fight and that T was going to punch one or both of them in the back. The prosecutor argued that youth did not act in defense of another. The state argued that S and K would not have had a lawful right to defend themselves, because they were the initial aggressors. The state argued, therefore, that youth did not have a right to defend S or K. Rather, in the state's view, *T* had a lawful right to defend himself against any further attack by S or K. The state additionally argued that the degree of force used by youth was not "reasonably necessary." The court determined that the state rebutted youth's theory of defense beyond a reasonable doubt.

We review this challenge, like we would a challenge to jury instructions, for legal error.[2] *State v. Butterfield*, 332

---

[1] Youth also appeals from a restitution judgment but does not raise any challenges regarding that judgment.

[2] Both the state and youth submitted jury instructions to the court and the record indicates that the court reviewed them.

Or App 526, 533-34, 549 P3d 545 (2024). When an individual raises a defense of another defense, the state has the burden of disproving it beyond a reasonable doubt. *Id.* at 530.

> "[A] person is justified in using physical force upon another person *** to defend a third person from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose,"

except as limited by ORS 161.215 and ORS 161.219.[3] ORS 161.209. Thus, a claim of defense of others generally involves two components: first, whether the circumstances justify use of physical force, "*i.e.*, when [the actor] reasonably believe[s] that the other person will use unlawful force," and second, whether the degree of force used was reasonably necessary for the purpose of defense. *See State v. J. M. W.*, 340 Or App 44, 47, 569 P3d 702, *rev den*, 374 Or 419 (2025) (providing the same for self-defense (internal citation omitted)). "A factfinder looks to the precise moment in which the defendant acted to determine whether the use of *** force was reasonably necessary ***." *Butterfield*, 332 Or App at 531 (internal quotation marks, brackets, and citations omitted).

We determine that youth is not entitled to reversal. Even if we assume without deciding that the juvenile court applied an incorrect legal standard regarding whether the initial aggressors, S and K, had "withdraw[n] from the encounter and effectively communicate[d] *** [their] intent to do so," ORS 161.215(1)(b), we cannot say that the court applied an incorrect legal standard in considering whether the degree of force was reasonable. The trial court correctly determined that even if defendant was justified in using force to defend S and K, he used more force than was reasonable under the circumstances.

When rendering its decision from the bench, the juvenile court summarized youth's defense of another defense and concluded that the state had disproved it beyond a reasonable doubt. The court summarized that youth believed

---

[3] ORS 161.219 limits the use of deadly physical force and is not applicable to this case.

he used "a degree of force reasonably necessary based upon his assessment and beliefs of the situation." That indicates that the court understood and applied the correct legal standard. The court found that youth punched with his fist or slammed his arm into T's head. Further, the court found that "there were many different things [youth] could have done to defend others that used less force and would have been effective." The court also viewed youth's "sprint[ing] away" behavior as undermining the credibility of youth's defense. We understand the court to have determined that the degree of force used by youth was not reasonably necessary, in the context of the record as a whole, including the evidence, the arguments, and proposed jury instructions proffered by each party. The court's determination to that effect is supported by evidence in the record, such as youth's acknowledgment that other tactics could have plausibly prevented T from using force against S or K and the videos of the incident.[4] When youth stepped into the fray, the dynamic essentially became three against one.

Affirmed.

---

[4] Youth's own beliefs about what would or would have not been persuasive in the circumstance can inform the factfinder, but do not bind the factfinder.

"The legal standard for assessing the reasonableness of a person's belief about the need for force or the extent of force necessary turns on an objective evaluation of the circumstances in which physical force has been used or threatened, and not on the personal perceptions of the individual ***."

*Butterfield*, 332 Or App at 531 (internal quotation marks and citations omitted). In other words, even though youth testified that he did not believe other means of intervening would have been successful, the court did not err by determining, from an objective standpoint, that youth did not need to use force or used an unreasonable degree of force.